IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOHN L. NICHOLS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | No. 06-2469-CM |
| ) | |
| **HENDRICK CORPORATION,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

Plaintiff John L. Nichols brings this case under the Employee Retirement Income and Security Act ("ERISA") against defendant Hendrick Corporation. The case is before the court on "Defendant's Objections to, and Motion to Set Aside and/or Modify Magistrate Judge's Order (Doc. 19)" (Doc. 21) and defendant's Motion for Summary Judgment (Doc. 3). Because the court finds that the Magistrate Judge's order was not clearly erroneous, defendant's objection is denied. This renders defendant's Motion for Summary Judgment moot.

**I.    Background**

Plaintiff filed this case on October 27, 2006, alleging that defendant "failed to pay benefits under a welfare benefit plan providing group long term disability ('LTD') benefits . . . ." On January 4, 2007, Defendant filed the present motion for summary judgment, contending that plaintiff failed to exhaust his administrative remedies regarding any claim for LTD benefits. One month later, plaintiff filed a motion to amend his complaint. This motion acknowledged that plaintiff did not exhaust his administrative remedies for LTD benefits, but included a proposed amended complaint substituting claims based on short term disability ("STD") benefits for the original claims

for LTD benefits.  Defendant opposed this motion for several reasons: (1) that plaintiff knew or should have known of the STD claims when the original complaint was filed; (2) that because there is a pending motion for summary judgment, plaintiff's motion to amend is untimely and would cause unfair prejudice to defendant.  On May 9, 2007, Magistrate Judge Waxse granted plaintiff's motion to amend the complaint by text entry.  Plaintiff filed the amended complaint, substituting STD benefit claims for LTD benefit claims.  Defendant now objects to Magistrate Judge Waxse's order granting the motion to amend.

## II.     Legal Standard

Motions to amend a complaint are nondispositive motions.  *See* D. Kan. R. 6.1(d)(1) (defining nondispositive motions as "motions which are not motions to dismiss or for summary judgment").  The standard of review under which a district court reviews a magistrate judge's decision on a nondispositive motion is the "clearly erroneous or contrary to law standard."  *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (citing 28 U.S.C. § 636(b)(1)(A)).  This standard requires the district court to affirm the magistrate judge's decision unless it is "left with the definite and firm conviction that a mistake has been committed."  *Burton v. R.J. Reynolds Tobacco Co.*, 200 F.R.D. 661, 667 (D. Kan. 2001) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## III.    Analysis

Defendant argues that Magistrate Judge Waxse's order is clearly erroneous or contrary to law because the motion to amend was granted while a motion for summary judgment was pending. Defendant does not indicate that he has suffered any prejudice other than a statement that Magistrate Judge Waxse's order "enabled plaintiff to circumvent summary judgment, to the detriment of

Defendant." Although defendant provides citations for cases where a pending motion for summary judgment was a factor in whether a motion to amend would be timely or cause unfair prejudice, defendant does not provide any support for the contention that a pending motion for summary judgment requires the denial of a motion to amend a complaint. Defendant's position is unsupported by the law. *See, e.g., O'Bryan v. Sedgwick County*, No. 98-3308-JTM, 2000 WL 882516, at *1 (D. Kan. June 12, 2000) ("Currently pending before the court are the plaintiff's motion to amend his complaint and the defendant's motion for summary judgment . . . . [T]he plaintiff's motion to amend is granted and the defendant's motion for summary judgment is denied."). Because at certain times it can be appropriate to grant a motion to amend while a motion for summary judgment is pending, Magistrate Judge Waxse's order is not clearly erroneous or contrary to law. Defendant has not claimed any detriment or unfair prejudice that would change this conclusion. *See, e.g., Fajri v. Corr. Corp. of Am.*, No. 03-3202-SAC, 2007 WL 594726, at *2 (D. Kan. Feb. 20, 2007) (citing *Frank v. U.S. W., Inc.,* 3 F.3d 1357, 1365 (10th Cir. 1993) (refusing leave to amend is justified if amendment would cause undue delay or undue prejudice to the opposing party . . . .)). Defendant's Objections to, and Motion to Set Aside and/or Modify Magistrate Judge's Order is denied.

Because plaintiff amended his complaint to substitute STD benefit claims for the original LTD benefit claims, defendant's motion for summary judgment is now moot.

**IT IS THEREFORE ORDERED** that "Defendant's Objections to, and Motion to Set Aside and/or Modify Magistrate Judge's Order (Doc. 19)" (Doc. 21) is denied.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Doc. 3) is denied as moot.

Dated this 20th day of June 2007, at Kansas City, Kansas.

                **s/ Carlos Murguia**

-4-

**CARLOS MURGUIA**
**United States District Judge**