## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JOHN L. NICHOLS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **No. 06-2469-CM** |
| ) | |
| **HENDRICK CORPORATION, d/b/a** ) | |
| **Hendrick Automotive Group Corporation,** ) | |
| ) | |
| **Defendant.** ) | |
| _____ ) | |

### MEMORANDUM AND ORDER

Plaintiff John L. Nichols brings this case under the Employee Retirement Income and Security Act ("ERISA") against defendant Hendrick Corporation.  The case is before the court on plaintiff's Motion for Summary Judgment (Doc. 33) and defendant's Motion for Summary Judgment (Doc. 35).  Because defendant has shown that it is entitled to summary judgment, the court grants defendant's motion and denies plaintiff's motion.

### I.    Background

Plaintiff is a former employee of defendant.  Defendant is the plan sponsor and administrator for a short-term disability ("STD") benefit plan, which is an ERISA-governed benefits plan ("the plan").  After feeling symptoms of a sore throat, swollen lymph nodes, and inflammation in his face, plaintiff applied for STD benefits under the plan.  In support of this claim, plaintiff submitted medical documentation that was unable to diagnose his condition and noted "subjective symptoms."  Defendant denied the claim on August 15, 2005, but continued to accept medical documentation.  On January 26, 2006, defendant denied plaintiff's appeal.

In the Pretrial Order (Doc. 31), plaintiff identified two theories of recovery. Both theories contend that plaintiff did not receive "a full and fair review of his claim." First, plaintiff contends that despite ERISA regulations requiring consultation with medical authorities, defendant did not consult a medical authority regarding plaintiff's case. Second, plaintiff contends that there is not substantial evidence supporting defendant's denial of his STD claim.

Presently, plaintiff requests this court grant summary judgment in his favor. In a five-page memorandum supporting his motion, plaintiff identifies the "nature of the case" as ERISA regulations requiring "the entity conducting any appeal must be different than the person who made the initial denial" and "the appropriate named fiduciary shall consult with a health care professional . . ." The "Argument" section of plaintiff's filing quotes the two ERISA regulations and provides three sentences stating that the same person issued the initial denial and the final denial of plaintiff's claims, and that the final denial does not indicate whether defendant consulted health care professionals. From this, plaintiff concludes, "This claim should be paid."

In response and in support of its motion for summary judgment, defendant argues that a reasoned basis supports the denial of plaintiff's claim. Defendant states that "the medical records reflect only plaintiff's subjective complaints and some transitory symptoms." All of the medical documentation submitted by plaintiff indicates negative test results and an absence of diagnosis. Based on this, defendant submits that its denial of plaintiff's claim was reasonable.

Additionally, defendant disagrees with plaintiff's assertion that it did not consult with health care professionals. Defendant directs the court to a stipulation in the pretrial order that states, "Defendant also sent the medical information for an independent medical review."

## II.    Judgment Standards

-2-

Although the present motions request summary judgment, the traditional summary judgment standard is inappropriate when evaluating a denial of benefits under ERISA. *Panther v. Sun Life Assurance Co. of Can.*, 464 F. Supp. 2d 1116, 1121 (D. Kan. 2006) (citing *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994)). The appropriate standard is that similar to an appellate court's standard, evaluating the "reasonableness of a plan administrator or fiduciary's decision based on the evidence contained in the administrative record." *Id.*

Where, as here, a plan gives the administrator or fiduciary discretion, the court evaluates the reasonableness under an arbitrary and capricious standard. *Hollingshead v. Blue Cross & Blue Shield of Okla.*, No. 05-6276, 2007 WL 475832, at *2 (10th Cir. Feb. 15, 2007). Under the arbitrary and capricious standard, the decision will be upheld unless there is no reasonable basis for the decision. *Kimber v. Thiokol Corp.*, 196 F.3d 1092, 1098 (10th Cir. 1999) ("The decision will be upheld unless it is 'not grounded on any reasonable basis.'") (internal quotations omitted). The standard of review is altered, however, when the plan administrator has a conflict of interest. *Fought v. UNUM Life Ins. Co. of Am.*, 379 F.3d 997, 1003 (10th Cir. 2004). The standard remains arbitrary and capricious, but the amount of deference decreases proportionally to the extent of conflict present. *Kimber*, 196 F.3d at 1097; *Hollingshead*, 2007 WL 475832, at *3 ("[A] reviewing court 'undertake[s] a "sliding scale" analysis, where the degree of deference accorded the Plan Administrator is inversely related to the "seriousness of the conflict."'" (quoting *Allison v. UNUM Life Ins. Co. of Am.*, 381 F.3d 1015, 1021 (10th Cir. 2004)).

A conflict of interest exists where the plan administrator serves as the insurer and the administrator. *Lewis v. ITT Hartford Life & Accident Ins. Co.*, 395 F. Supp. 2d 1053, 1061 (D. Kan. 2005). Here, defendant is the payer of benefits and the plan administrator, creating a conflict of interest.

Because there is a conflict of interest, the burden shifts to defendant to "demonstrate that its interpretation of the terms of the plan is reasonable and that its application of those terms to the claimant is supported by substantial evidence." *Fought*, 379 F.3d at 1006.  The "court must take a hard look at the evidence and arguments presented to the plan administrator to ensure that the decision was a reasoned application of the terms of the plan to the particular case, untainted by the conflict of interest." *Id.*

## III.   Analysis

The court finds that defendant made a reasoned application of the plan to plaintiff's claim. The court agrees that under the plan, defendant has a reasonable basis to deny plaintiff's claims, which were supported by medical documentation identifying only subjective symptoms, negative test results, and no clear diagnosis.  Even under a lessened degree of deference, the court concludes that defendant's decision was not arbitrary and capricious.  Plaintiff has filed nothing that challenges that conclusion.  Defendant's motion for summary judgment is granted.

Because the court grants defendant's motion for summary judgment, plaintiff's motion for summary judgment is denied as moot.  The court notes that plaintiff's motion appears to request summary judgment based only on what he identifies as two failures to follow ERISA regulations, but does not connect the ERISA regulations to the "arbitrary and capricious" summary judgment standard.  Without this logical connection, plaintiff's motion must be denied.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Summary Judgment (Doc. 33) is denied.

**IT IS FURTHER ORDERED** that defendant's Motion for Summary Judgment (Doc. 35) is granted.

Dated this 3rd day of April 2008, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**